UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ERIN PETTERSEN,

                        Plaintiff,

          - against -

VOLCANO CORPORATION, PHILIPS
ELECTRONIC CORPORATION NORTH
AMERICA, and SCOTT HUFF, *in his
individual capacity*,

                        Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-3021 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Erin Pettersen filed this case on May 22, 2018, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, New York State Executive Law § 296, and New York City Administrative Code § 8-107. (Complaint, Dkt. 1.) On August 27, 2018, Defendants Volcano Corporation ("Volcano"), Philips Electronic Corporation North America ("Philips"), and Scott Huff requested a pre-motion conference in advance of filing a motion to compel arbitration of Plaintiff's claims. (Dkt. 18.) The Honorable Joan M. Azrack, then presiding over this case, held a pre-motion conference on the motion to compel on November 28, 2018, and ordered targeted discovery on the issue of whether Plaintiff had signed an arbitration clause. (Nov. 28, 2018 Minute Entry.) On March 25, 2019, as the parties were conducting discovery, this case was transferred to the undersigned. (March 25, 2019 Order.) On September 6, 2019, Defendants' motion to compel arbitration was fully briefed. (*See* Dkts. 27–33.) On September 9, 2019, the Court referred the motion to the Honorable Peggy Kuo, Magistrate Judge. (Sept. 9, 2019 Order.) Currently before the Court is Judge Kuo's Report and Recommendation ("R&R") dated September 8, 2020, recommending that the Court grant the motion to compel

arbitration pursuant to the Federal Arbitration Act ("FAA") and stay this case. (R&R, Dkt. 34.) For the reasons set forth below, the Court adopts in its entirety Judge Kuo's thorough and well-reasoned R&R, grants Defendants' motion to compel arbitration, and stays this case pending arbitration.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to an R&R, the district court reviews *de novo* the parts of the R&R to which the party objected. *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided that no clear error is apparent from the face of the record. *John Hancock Life Ins. Co. v. Neuman*, No. 15-CV-1358 (KAM) (RML), 2015 WL 7459920, at *1 (E.D.N.Y. Nov. 24, 2015) (citation omitted). The clear error standard also applies where a party makes only conclusory or general objections. *Benitez v. Parmer*, 654 F. App'x 502, 504 (2d Cir. 2016) (summary order) (noting that "general objection[s] [are] insufficient to obtain *de novo* review by [a] district court"); *see* Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific written objections* to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under Fed. R. Civ. P. 72(b)." (alterations omitted) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))). Additionally, "[i]n this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have

been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff appears to raise two objections to the R&R: (1) to the extent the arbitration clause in Plaintiff's onboarding paperwork with Defendant Volcano applied to Plaintiff, that application was "dissolved and abandoned" when Defendant Volcano was subsequently purchased by Defendant Philips (Plaintiff's Objections ("Pl.'s Objs."), Dkt. 36, at ECF[1] 1–2), and (2) Judge Kuo incorrectly applied the law to the facts in finding that Plaintiff's acceptance and continuation of employment with Defendants constituted consent to their arbitration policy (*id.* at 2–3).[2]

As to the first point, Plaintiff appears not to have raised this argument in her opposition to the motion to compel arbitration. (*See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Compel (Pl.'s Mem."), Dkt. 31.) Plaintiff did not mention the purchase of Volcano in her memorandum, much less advance the theory that such purchase voided Plaintiff's original onboarding paperwork. (*Id.*) Plaintiff has thus "forfeited this argument by [her] utter failure to raise it before [] Judge [Kuo]." *Gladden*, 394 F. Supp. 3d at 480. Moreover, while Plaintiff claims in her objections that "[a]s part of the merger in February 17, 2015 between Philips and Volcano, Plaintiff was put through a new We Are Philips onboarding process and required to complete and stay up-to-date on all Philips University training requirements," and that such

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system.

[2] While Plaintiff neither clearly delineates these two arguments nor identifies the portions of the R&R she opposes (*see* Pl.'s Objs., Dkt. 36), the Court's best understanding of Plaintiff's letter is that she objects on these two grounds.

training did not involve any discussion of an arbitration agreement (Pl.'s Objs., Dkt. 36, at ECF 1–2), Plaintiff does not cite to, nor include, any evidence regarding this later onboarding process. (*See* Dkts. 31, 32, 36.) The Court thus does not opine as to whether the purchase of Volcano by Philips, and the subsequent orientation Plaintiff went through, voided Plaintiff's previous arbitration agreement.

Plaintiff's second argument is that Judge Kuo was incorrect in finding that Plaintiff had implicitly accepted the arbitration clause by continuing to work for Defendants. (Pl.'s Objs., Dkt 36, at 2–3.) Again, Plaintiff failed to raise this argument in her opposition to Defendants' motion to compel (*see* Pl.'s Mem., Dkt. 31), even though Defendants contended in their briefing that Plaintiff's continued employment with Defendants constituted acceptance of the arbitration agreement (*see* Defendants' Memorandum of Law in Support of Their Motion to Compel, Dkt. 28, at 11–12). As such, she has forfeited this argument. *See Gladden*, 394 F. Supp. 3d at 480.

Even if the Court were to apply *de novo* review, however, the Court would not be convinced. Plaintiff claims that her "silence d[id] not constitute acceptance of the terms of arbitration" because "Defendants never told her that failure to sign constituted acceptance." (Pl.'s Objs., Dkt. 36, at ECF 3.) In support of this argument, Plaintiff relies, *inter alia*, on *Weiss v. Macy's Retail Holdings Inc.*, 265 F. Supp. 3d 358 (S.D.N.Y. 2017), *vacated*, 741 F. App'x 24 (2d Cir. 2018), to distinguish *Manigault v. Macy's East, LLC*, 318 F. App'x 6, 8 (2d Cir. 2009) (summary order), a case cited by Judge Kuo for the proposition that "[w]hen an individual begins employment with the understanding that the employer has an arbitration policy, there is an inference that the individual agrees to the terms of that policy." (Pl.'s Objs., Dkt. 36, at ECF 2–3 (referring to R&R, Dkt. 34, at 10).) In *Weiss*, the defendant-employer had mailed its employees a brochure permitting them to opt out of its new arbitration policy. 265 F. Supp. 3d at 361. Judge

4

Hellerstein "decline[d] to follow *Manigault* because . . . nothing in any of the documents that [the defendant] gave or sent to its employees state[d] that an employee's continuation of employment with [the defendant] constitute[d] acceptance of the agreement to arbitrate." *Id.* at 365–66.

But the Second Circuit reversed Judge Hellerstein's holding in *Weiss* on precisely this point. It found that though "nothing in [the defendant's] literature or information sessions stated or otherwise implied that agreeing to arbitrate employment-related disputes was mandatory or a condition of continued employment," the plaintiff was bound by the defendant's newly instituted arbitration policy because he "was an at-will employee, and, under New York law, notifying an at-will employee of a change and informing him that the change applies to him suffices to change the conditions of employment." *Weiss v. Macy's Retail Holdings, Inc.*, 741 F. App'x 24, 27 (2d Cir. 2018) (summary order) (internal quotation marks and citations omitted). Thus, Plaintiff's argument that her acceptance of employment did not constitute consent to arbitration because Defendants did not inform her that arbitration was a mandatory condition of employment is unavailing.

Finding no clear error in the remainder of Judge Kuo's R&R, the Court adopts it in its entirety.

## CONCLUSION

For the reasons stated above, the Court grants Defendants' motion to compel arbitration, as recommended by the R&R. The Court further stays this matter pending the conclusion of arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015) (holding that the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay [is] requested").

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 27, 2020
    Brooklyn, New York